# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SASOL NORTH AMERICA, INC., et al., | ) |
| | ) |
| Movants, | ) |
| | ) |
| v. | ) Case No. 14-mc-218-JWL-KMH |
| | ) |
| KANSAS STATE INSTITUTE FOR | ) |
| COMMERCIALIZATION, et al. | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on movants' renewed motion to compel compliance with their third party subpoena to respondents (Doc. 20). As explained in greater detail below the motion is DENIED without prejudice.

## Background

This motion arises from a subpoena issued to respondent in a patent infringement case pending in the Southern District of Texas, *Sasol North America et al v. GTLpetrol LLC, et al.*[1] The subject of that dispute is the technology for converting natural gas to higher value liquid fuel, a process known as "gas to liquid" ("GTL"). Movants Sasol Technology and Sasol North America (collectively referred to as "Sasol") intend to build a $20 billion GTL processing facility in Louisiana. GTLpetrol LLC ("Petrol") alleges that the planned

---

[1] Case No. 4:13-cv-02918 (S.D. Tex.).

facility infringes upon Petrol's GTL process patent. Details of the background and nature of the Texas lawsuit have been described in an earlier opinion and will not be repeated.[2]

Sasol previously filed a motion to compel (Doc. 1) seeking information from non-party entities located in this district which are collectively referred to as Kansas State University Institute for Commercialization ("KSU-IC").[3] That motion was granted in part and denied in part on August 8, 2014.[4] Although KSU-IC was not ordered to produce all information requested, it was required to provide a status report outlining its plan to implement specific search methodology to review its electronically stored information ("ESI"). Production of the identified ESI was ordered to occur no later than October 24, 2014. Because Sasol had never sought production of material discovery from Petrol in the underlying action, the scope of the search and production of responsive ESI was narrowed to balance the burden on the non-party KSU-IC.

## Sasol's Renewed Motion to Compel Compliance (Doc. 20)

Sasol's current motion pursues the very same information which it sought in its first motion. This is undisputed. The court finds this approach problematic as described below.

The court overruled Sasol's first motion to allow it the opportunity to engage in meaningful discovery from the party defendant and to review the October 24 ESI

---

[2] *See* Memorandum and Order, Doc. 18 (filed Aug. 8, 2014).
[3] The subpoena was directed to KSU-IC and to the National Institute for Strategic Technology Acquisition and Commercialization ("NISTAC"), Mid-America Commercialization Corporation ("MACC"), and Mid-American Technology Management, Inc. ("MTM"). KSU-IC admits that it was formerly known as NISTAC, which was formerly known as MACC, and that MTM is a subsidiary of KSU-IC. Therefore, KSU-IC responds on behalf of all entities and collectively refers to the entities as KSU-IC for the purposes of both motions (Docs. 1, 20). By agreement of the parties, MTM was dismissed from this action in the previous order (Doc. 18 at 11.)
[4] Mem. and Order, Doc. 18.

2

production.[5]  But Sasol filed its renewed motion more than a month before the October 24 deadline.  Additionally, Sasol fails to demonstrate to this court's satisfaction once again why it seeks additional production from a third party without thoroughly pursuing discovery from the party defendant.  The docket in the Southern District of Texas reflects that while Sasol has propounded discovery it has filed no motion to compel or initiated any other production with Petrol.  Although Sasol urges that immediate production by KSU-IC is necessary due to a November 15, 2014 deadline to serve invalidity contentions in the underlying litigation, it fails to explain why it cannot obtain the necessary information from the party defendant or seek extensions of that deadline based on the defendant's failure to produce.  While this court appreciates its Fed. R. Civ. P. 1 duty to achieve a just and speedy determination of every proceeding, it is not bound to the deadlines established in another district and the underlying matter must not be litigated in separate forums.

Because Sasol filed its "renewed" motion prior to completing the conditions set by the August decision (Doc. 18), the motion resembles a motion for reconsideration of that decision.  Under the standards outlined in D. Kan. Rule 7.3(b), Sasol has neither presented a timely motion nor outlined sufficient grounds for the court to reconsider its previous order.[6]  Instead, Sasol has merely re-packaged identical document requests and arguments which were presented in its first motion.[7]

---

[5] Mem. and Order, Doc. 18, at 13.

[6] *See* D. Kan. Rule 7.3(b) (specifying that a motion to reconsider must be filed within 14 days after the order is entered unless the time is extended by the court, and such motions "must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."

[7] *See Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 338 F. Supp. 2d 1248, 1250 (D. Kan. 2004) (citing *Voelkel v. Gen., Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd* 43 F.3d 1484 (10th

Even if Sasol's renewed motion were not premature, the current request fails on the merits as set forth in the court's earlier order.  Reviewing those factors which the court considers to determine whether the non-party KSU-IC is being subjected to an undue burden,[8] the court finds that *at this time*, the balance tips slightly in KSU-IC's favor.  KSU-IC does not dispute relevance and does not provide sufficient evidence of the burden that may be imposed—both factors which would justify production.  However, Sasol has failed to demonstrate its need for the requested information, particularly where the meaningful discovery in the underlying Texas lawsuit has not been completed and Sasol did not wait for the KSU-IC's production to occur on the Kansas subpoena.  Additionally, Sasol did not significantly narrow either the time period or the breadth of information sought despite this court's earlier suggestion to do so.  In fact, without any explanation, Sasol has re-introduced portions of its original Request Nos. 12, 13, and 22, which it had previously abandoned.[9] Although Sasol has repeatedly insisted that KSU-IC is the only entity which possesses much of the information requested, that argument is unsupported and therefore rejected.

## Conclusion

The court **DENIES** Sasol's motion without prejudice because the motion is premature.  However, as previously explained in the August 8, 2014 order, respondent KSU-IC bears some burden of production.  Therefore, the court will convene a status

---

Cir.1994)) (finding that "Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."

[8] *In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 407, 418-19 (D. Kan. 2009) *rev'd in part,* 707 F. Supp. 2d 1145 (D. Kan. 2010) (reversed on the issue of First Amendment associational privilege) (citation omitted).

[9] Mem. and Order, Doc. 18 at 5.

conference after Sasol completes its review of KSU-IC's production.  That conference will assess the recent production and discuss the parameters for potential future production.

**IT IS THEREFORE ORDERED** that Sasol's renewed motion to compel compliance (Doc. 20) is **DENIED WITHOUT PREJUDICE** as set forth above.

**IT IS FURTHER ORDERED** that this matter is set for a status conference on **November 4, 2014, at 2:00 p.m**. via telephone conference call to be initiated by the court.  If counsel are unavailable at that time, they should consult with one another to agree on an alternate time before contacting the court.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 24th day of October 2014.

      _s/ Karen M. Humphreys_____
      KAREN M. HUMPHREYS
      United States Magistrate Judge